IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SHEMIKA D. SPRAGUE, § | | |
| o/b/o G.S., a child, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 2:13-CV-149 |
| § | | |
| CAROLYN W. COLVIN, Acting Commissioner, § | | |
| Social Security Administration, § | | |
| § | | |
| Defendant. § | | |

**REPORT AND RECOMMENDATION**
**TO AFFIRM THE DECISION OF THE COMMISSIONER**

Plaintiff Shemika D. Sprague on behalf of her minor child, G.S., brings this cause of action pursuant to 42 U.S.C. § 405(g) seeking review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying Plaintiff's application for Title XVI disabled child's benefits. Both parties have filed briefs in this cause. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the Commissioner's decision finding the minor child Plaintiff not disabled and not entitled to benefits be AFFIRMED.

I.
THE RECORD

On December 22, 2011, Plaintiff filed a protective application for supplemental security income (SSI) benefits alleging disability due to asthma. (Tr. 14, 111-19, 124.) Plaintiff alleged an onset date of August 1, 2007. (Tr. 14, 111, 136.) At the time of filing, G.S. was a minor with a birth date of August 15, 2006. (Tr. 17, 111, 127.) Plaintiff's claim was denied at the

administrative level and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). On November 14, 2012 a hearing was held before ALJ Larry C. Marcy. (Tr. 11-31.) G.S. was present for the hearing, and her mother (Shemika Sprague) appeared on her behalf. (*Id.*) On January 2, 2013, the ALJ rendered an unfavorable decision denying benefits. (Tr. 11-31.) The ALJ found the minor (G.S.) had not been disabled as defined in Section 1614(a)(3)(C) of the Social Security Act. (Tr. 27.) Plaintiff requested review of the ALJ's decision and on June 20, 2013 the Appeals Council issued its order denying Plaintiff's request for review. (Tr. 1-6.) Consequently, the determination of the ALJ became the final decision of the Commissioner. Plaintiff now appeals that decision.

II.
STANDARD OF REVIEW

In reviewing disability determinations by the Commissioner, this Court's role is limited under 42 U.S.C. § 405(g) to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings, and whether the decision comports with relevant legal standards, *i.e.*, whether any errors of law were made. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992); *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). Substantial evidence is that relevant evidence a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Warncke v. Harris*, 619 F.2d 412, 416 (5th Cir. 1980). It must be more than a scintilla, but may be less than a preponderance. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). Where the decision is supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the

evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d at 164.

III.
### DISABILITY FOR CHILDREN AND THE THREE STEP ANALYSIS

The evaluation process and standard for disability for children changed in 1996 pursuant to the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (Pub. L. 104-193, 110 Stat. 2105 (1996)). This Act provided a stricter standard for determining eligibility for disabled child's benefits under Title XVI. The act, as amended provided,

> An individual under the age of 18 shall be considered disabled for the purposes of this subchapter if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

20 C.F.R. § 416.906. Unlike the more familiar five step sequential evaluation used for adult claimants, the children's sequential evaluation process is comprised of three steps, pursuant to 20 C.F.R. § 406.924(a), which are summarized as follows:

**First Step:** The first step in the evaluation is whether a child is performing substantial gainful activity. If so, the evaluation stops and the child is found to be not disabled.

**Second Step:** If the child is not performing substantial gainful activity, the Commissioner will consider whether the child has an impairment or combination of impairments which are severe. If the impairment is not severe, the evaluation ends and a finding of not disabled is made.

**Third Step:** If the impairment is found severe, the Commissioner will review the child's claim to determine whether any impairments meet, medically equal or functionally equal the listings. If so, and if the duration requirement is met, a finding of disabled will follow. If not, a finding of not disabled will result.

Under the regulations, even if the child's impairments do not meet or medically equal a listing, the Commissioner will determine if the impairments functionally equal the listing. 20 C.F.R. § 416.926a. To functionally equal a listing, the impairments "must be of listing-level severity: i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." *Id*. The six domains include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a (b)(1).

Upon reviewing the evidence, the ALJ concluded G.S. was not disabled and was not entitled to childhood disability benefits pursuant to 20 C.F.R. § 416.924(a). At step one of the three-step sequential evaluation process, the ALJ found that G.S. had not engaged in substantial gainful activity since December 22, 2011, the application date. At steps two and three, the ALJ found that while G.S.'s asthma was severe, the medical evidence did not support a finding of listing-level severity. With regard to the six functional domains, the ALJ concluded that G.S. had less than marked limitation in health and physical well-being, and no limitations in the other five domains.

IV.
ISSUES

Plaintiff presents the following issues in this appeal:

1. The ALJ failed to allow submission and review of critical medical records.

2. The ALJ failed to consider the testimony of G.S.'s representative, and failed to address all relevant factors.

3. The ALJ failed to issue a specific credibility determination.

4. The ALJ erred in determining that G.S.'s asthma does not meet or equal one of the impairments in the listings.

5. The ALJ failed to give proper weight to the opinion of the treating physician.

V.
MERITS OF THE CASE

Substantial Evidence

Plaintiff alleges the ALJ erred in determining that G.S.'s asthma does not meet or equal one of the impairments in the listings, specifically Listing § 103.00, including § 103.02 and § 103.03.[1] G.S.'s diagnosis of asthma is undisputed. A diagnosis of asthma alone, however, is not sufficient to establish presumptive disability. For asthma to be presumptively disabling, Listing 103.03 requires that asthma be accompanied by one of the requirements enumerated in subsections A-D of the listing. The ALJ specifically considered Listing 103.03A, finding that the medical records did not demonstrate that G.S. met the $FEV_1$ levels required by the Listing. The ALJ also considered 103.03B, and found the medical record evidence did not demonstrate that Plaintiff met the required number of attacks in spite of treatment and requiring physician

---

[1] *See* 20 C.F.R. Part 404, Subpt. P., App. 1 § 103.02 (Chronic Pulmonary Insufficiency), and § 103.03 (Asthma).

intervention as required by Listing 103.03B. The ALJ found G.S. did not have persistent or low grade wheezing between acute attacks or an absence of extended symptom-free periods as required under 103.03C. Plaintiff was determined not to have had growth impairments as required under 103.03D.

Plaintiff contends G.S.'s medical records establish that she "was consistently diagnosed with asthma, chronic bronchitis, bronchospastic episodes, and chronic obstructive pulmonary disease," that "she received intensive treatment such as intravenous drug administration or inhalation therapy," and that such evidence demonstrates "prolonged expiration with wheezing between attacks." (Plaintiff's Amended Brief at 4). In her brief, she references or cites to specific parts of the administrative record. However, none of these citations to the "medical records" support Plaintiff's argument, nor do they demonstrate that G.S. met all of the criteria for a listed impairment.

Instead, the objective medical evidence simply does not establish the frequency and severity of the attacks as alleged. The ALJ noted G.S. was last hospitalized from May 6 - 10, 2011 (Tr. 19, 331), and that treatment notes from November 2011 indicated that G.S. was doing well with her asthma and that it was under control (Tr. 19, 331, 811). Plaintiff does not cite any medical evidence of record during the relevant time period to support her claim that the ALJ's decision is not supported by substantial evidence.

Other Claims

Plaintiff's other claims are considered as challenges to whether the ALJ applied the proper legal standards. These claims are without merit for the reasons set out below.

First, Plaintiff contends the ALJ failed to allow submission and review of critical medical records. In support of this claim, Plaintiff alleges that she "had to testify on the record as to G.S.'s frequent hospitalization, and had to reference the ALJ's attention to the submitted medical record to justify [her] testimony." (Plaintiff's Amended Brief at 4-5, citations omitted). As the Commissioner points out in her brief, Plaintiff's claim that the ALJ failed to allow submission and review of critical medical records is directly contradicted by the record. Plaintiff was allowed to submit records during the hearing, which included 48 pages of medical records from Texas Tech Pediatrics (Tr. 50-51), admitted as Exhibit 16F (Tr. 52, 801-48), and 121 pages of medical records from Northwest Texas Hospital (Tr. 52).[2] The ALJ also allowed Plaintiff to submit a handwritten list of medications admitted as Exhibit 13E (Tr. 189). The ALJ considered these records, referring to Exhibits 15F and 16F numerous times in his decision (Tr. 19-21), and including Exhibits 13E, 15F and 16F in the List of Exhibits attached to his decision (Tr. 29-31).

Next, Plaintiff contends the ALJ had her testify about G.S.'s frequent hospitalizations, rather than just rely on the medical records themselves. This claim is also without merit. The Fifth Circuit has made clear that when a social security claimant is not represented by counsel at the hearing, "the ALJ [i]s under a heightened duty to scrupulously and conscientiously explore all relevant facts." *Castillo v. Barnhart*, 325 F.3d 550, 552-53 (5th Cir. 2003) (citing *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)). As the Commissioner points out in her Brief, as Plaintiff is a *pro se* claimant, "the ALJ fulfilled this heightened duty by not only questioning Plaintiff about G.S.'s medical records, but also questioning Plaintiff about G.S.'s impairments, limitations, and ability to meet the various evaluation factors considered in each domain of

---

[2] The records Plaintiff submitted at the hearing appear to have already been included in the administrative record.

functioning" (Commissioner's Brief at 6). Remand is not required when a plaintiff fails to show prejudice by the deficiencies he alleges. *Carey v. Apfel*, 230 F.2d 131, 143 (5th Cir. 2000). No prejudice has been shown by the ALJ permitting Plaintiff an opportunity to testify and this point of error does not warrant reversal.

Next, Plaintiff contends the ALJ failed to consider her testimony as G.S.'s representative and failed to address all the relevant factors. Specifically, Plaintiff alleges that the ALJ failed to address G.S.'s mother's testimony that (1) G.S. cannot move at an efficient pace while being active at school, play or home without restrictions and limitations as to her asthma; (2) G.S. has limitations in daily physical activities because of her need for frequent treatment to include pulmonary administration and nebulizers; (3) that although G.S. takes medications daily, they are not sufficient in treating her asthma; (4) G.S. still exhibits severe asthmatic episodes despite treatment; and (5) G.S. has been hospitalized frequently with no avail to a cure. (Plaintiff's Amended Brief at 5). Plaintiff also asserts that the ALJ erred by failing to fully assess all relevant factors, including (1) how well G.S. initiates and sustains activities, how much extra help she needs and the effects of structured or supportive settings; (2) how the child functions in school; and (3) how the child is affected by her medications or other treatment. *Id*.

As explained in the Commissioner's Brief, Plaintiff's allegations that the ALJ failed to consider her testimony as G.S.'s representative are not supported by the record. The ALJ addressed G.S.'s mother's testimony that G.S. cannot move at an efficient pace while being active at school, play or at home without restrictions and limitations because of her asthma. The ALJ discounted such testimony, however, noting that G.S. testified "that she likes to ride a bicycle" (Tr. 24, 43, 49), and also noting that Plaintiff indicated G.S. had no physical limitations

on the Child Function Report (Tr. 19, 132). The Court notes Plaintiff also testified G.S. could run and jump, just not to the extent a child without asthma does, and that G.S. was passing physical education with an "A" (Tr. 43, 49). The ALJ specifically addressed Plaintiff's allegations that medications do not sufficiently treat G.S.'s asthma, pointing to treatment notes in early 2011 indicating G.S.'s asthma was well-controlled, that she had no respiratory distress, and she had normal respiratory rhythm and effort (Tr. 19, 338, 825). The ALJ referenced treatment notes in June 2012 that confirmed G.S.'s asthma was well controlled, she was taking medications as directed, and that her asthma did not interfere with her daily activities (Tr. 20, 805). Moreover, the ALJ discussed the fact that during (and subsequent to) a hospitalization in May 2011, G.S.'s parents admitted they had stopped giving G.S. her medications daily as directed because she seemed to be doing better (Tr. 19, 335, 793, 815). Although Plaintiff claims that G.S. had been "hospitalized frequently with no avail to a cure," *See* Plaintiff's Amended Brief at 5, citing 43-41, the ALJ noted that Plaintiff was hospitalized from May 6 - 11, 2011,[3] and that this was the last hospitalization noted in the record (Tr. 19, 331). As correctly noted by the Commissioner, Plaintiff does not cite objective medical evidence, during the relevant time period, to support this claim. If Plaintiff's claim is that the ALJ did not fully accept her testimony and find it sufficient to establish disability, it is without merit.

Plaintiff's allegation that the ALJ failed to fully assess all of the relevant factors is also without merit. The ALJ addressed how well G.S. initiates and sustains activities (Tr. 18, 22, 133, 386, 392), and noted that G.S. did not need extra help and a structured supportive setting to conduct age appropriate self care (Tr. 18, 25, 133, 339, 387, 393, 805). The ALJ also addressed

---

[3]This hospitalization was prior to the SSI application date of December 22, 2011.

how the child functions in school, noting Plaintiff's testimony that G.S. makes straight A's in school, and treatment notes that indicated she was performing well in school (Tr. 19, 21, 805). The ALJ found that G.S. has no limitations in these areas. Plaintiff avers the ALJ failed to address how the child is affected by her medications and other treatment, citing to pages 39 - 58 of the hearing transcript. The only mention of side effects of medications during the hearing is found on page 41:

> ALJ:   Are there side effects from the medication? Do you ever - - -
>
> Pl:   No, I think - - I believe it just makes her sleepy – the Prednisone, but it wipes it out. . . it clears it up in three pills which is three days. . . .

No prejudice has been shown and this point of error does not warrant reversal. *Carey v. Apfel*, 230 F.2d 131, 143 (5th Cir. 2000).

Plaintiff claims the ALJ failed to make a specific credibility determination on her testimony, arguing "because the ALJ concluded that G.S. had less than marked limitations in the domains of health and well-being, he implicitly rejected part of the testimony of G.S.'s mother as to the extent of her limitations." (Plaintiff's Amended Brief at 6). In support of this argument, Plaintiff included a footnote stating "[t]wo State Agency doctors also found that G.S. had marked limitation in the domain of Health and Well being [sic]" (Plaintiff's Amended Brief at 6, fn. 6). Plaintiff further alleged that the ALJ cited objective medical evidence that supports the allegations of G.S.'s mother, including that G.S. was diagnosed with asthma, was hospitalized frequently, and that her medically determinable impairment could reasonably be expected to produce the alleged symptoms.

When a claimant's statements concerning the intensity, persistence or limiting effects of symptoms are not supported by objective evidence, the ALJ has the discretion to make a finding

on their credibility. *Foster v. Astrue*, 277 F. App'x. 462 (5th Cir.2008). Several of the examples offered by Plaintiff in support of this ground are simply wrong. First, although Plaintiff alleges in her Footnote 6 that two state agency doctors found that G.S. had "marked limitation" in the domain of health and well being, the opposite is true. The ALJ specifically noted that "the State Agency medical consultants opined that the claimant has *less than* marked limitations in health and physical well being" (Tr. 26, emphasis added). Review of the Childhood Disability Evaluation Forms completed by both State Agency medical consultants confirm the ALJ's finding (Tr. 387, 393). Next, although the ALJ did acknowledge that G.S. had been diagnosed with asthma, (Tr. 19, 26), he did not acknowledge or find that G.S. was hospitalized frequently. Instead, the ALJ noted that there is very little medical evidence at all subsequent to the claimant's application date of December 22, 2011, and the record of the most recent hospitalization prior to her application was May 2011 (Tr. 19).

The ALJ stated that he considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with medical evidence, based on the requirements of 20 C.F.R. § 416.929, SSR 96-4p, 1996 WL 374187, and SSR 96-7p, 1996 WL 374186 (Tr. 18). Moreover, as Plaintiff acknowledges in her brief, the ALJ analyzed her credibility beginning with the following:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms; however, the statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with finding that the claimant does not have an impairment or combination of impairments that functionally equals the listings **for the reasons explained below**.

(Tr. 19, emphasis added).  The ALJ recited Plaintiff's application statements and hearing testimony (Tr. 18-19), concluding that G.S. and her mother had described activities that were not limited to the extent that one would expect, given the complaints of disabling symptoms and limitations.  The ALJ and pointed to instances where G.S. was not always compliant with taking prescribed medications. (Tr. 19.)  These findings, together with the medical evidence, Plaintiff's testimony and SSI applications, as well as the opinions of the State Agency medical consultants (because their findings were consistent with the medical evidence), led the ALJ to conclude that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the impairment were not credible. (Tr. 20.)  In addition, Plaintiff has not refuted evidence that G.S. was not compliant with her medication on more than one occasion.  The ALJ made a proper credibility determination and substantial evidence supports it.

     Finally, Plaintiff claims in conclusory fashion that the ALJ improperly gave little weight to the opinions of G.S.'s treating physicians.  In support of this point of error, Plaintiff cites medical records which include hospitalizations and emergency room visits prior to the application date, i.e., in May 2011 (Tr. 207-213), August 2010 (Tr. 224), April 2010 (Tr. 227-230), November 2009 (Tr. 234-236), September 2009 (Tr. 242-246), April 2009 (Tr. 258-261, and 264-270), and December 2008 (Tr. 274-277), as well as medical records for treatments received well after the date of the Commissioner's final decision on January 2, 2013.[4]  Plaintiff further cites the factors an ALJ is required to consider when determining what weight to give medical opinion evidence and contends that the ALJ provided no specific analysis of any of those factors. (Plaintiff's Amended Brief at 10).

---

[4] *See* Doc. 21-1 which are dated November 22, 2013.

It is well established that the treating physician's opinion should generally be afforded considerable weight and when a treating physician's opinion about the nature and severity of a claimant's impairment is well-supported and not inconsistent with other substantial evidence, the Commissioner must give the opinion controlling weight. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). However, an ALJ "is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Id*. The sole responsibility for determining a claimant's disability status belongs to the ALJ, and if a treating physician's opinions are not conclusive, they may be given little or no weight when good cause is shown. The law permits an ALJ to apply the six factors listed in 20 C.F.R. § 404.1527(d) and based upon those factors, "not give the treating source's opinion controlling weight." *Id*. In the event that an ALJ does not afford the treating physician controlling weight, the ALJ must perform a "detailed analysis" of the treating physician's view in consideration of those six factors. *Newton*, 209 F.3d at 453, 456.

Case law further instructs that an ALJ need not explain in his or her written determination all evidence contained in the record. *See McFadden v. Astrue*, 465 Fed. Appx. 557, 559 (7th Cir. 2012) ("an ALJ may not ignore entire lines of evidence contrary to the RFC determination but she need not discuss every piece of evidence in the record") (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)); *Kornecky v. Commissioner of Social Security*, 161 Fed. Appx. 496, 507-08 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. NLRB,* 200 F.3d 436, 453 (6th Cir. 1999) (holding an ALJ can consider evidence without directly addressing it); *NLRB v. Beverly Enterprises-Massachusetts*, 174 F.3d 13 (1st Cir. 1999) ("an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"); *NLRB v. Katz's Delicatessen of Houston St., Inc.,* 80 F.3d 755, 765 (2nd Cir. 1996)

(ALJ may resolve credibility disputes implicitly rather than explicitly where his "treatment of the evidence is supported by the records as a whole"); *Penalver v. Barnhart*, No. SA-04-CA-1107-RF, 2005 WL 2137900, at *6 (W.D. Tex. July 13, 2005) ("The ALJ may not have discussed all of the evidence in the record to the extent desired by Plaintiff, but the ALJ is only required to make clear the basis of his assessment-he need not discuss all supporting evidence or evidence rejected."); *Jefferson v. Barnhart,* 356 F. Supp. 2d 663, 675 (S.D. Tex. Mar. 12, 2004) ("in interpreting the evidence and developing the record, the ALJ need not discuss every piece of evidence").

As explained by the Commissioner, Plaintiff's assertion that the ALJ gave little or no weight to the observations and opinions by G.S.'s treating physicians is incorrect.  On the contrary, the ALJ recited several treating physicians' notes indicating that G.S.'s asthma was well controlled with medication since May 2011 (Tr. 19, 388, 825), and that G.S. was not in respiratory distress, but had normal respiratory rhythm and effort (Tr. 19, 797).  The ALJ recited first-hand medical evidence, dated just prior to, and after, the SSI application date which contradicted Plaintiff's contention.  More importantly, Plaintiff has not identified any doctor's opinion that supports a conclusion that G.S. was so limited as to meet, medically equal, or functionally equal a listed impairment as of, or after, the SSI application date.  Consequently, a detailed analysis of 20 C.F.R. § 416.927(c)(2) factors was not required.  *See Newton*, 209 F.3d at 455-57.  Furthermore, the ALJ properly considered the opinions of the State agency medical consultants, finding that their opinions were consistent with the medical evidence.

The undersigned's review of the record compels a finding that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision.

VI.

RECOMMENDATION

It is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the decision of the defendant Commissioner finding the minor child plaintiff not disabled and not entitled to a period of benefits be AFFIRMED.

VII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of September 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).